## WILLIAM BESTE v. HIS CREDITORS.

Charges of fraud in an opposition to the application of an insolvent to be allowed the benefit of the the laws of this State in favor of insolvent debtors, should be clearly enunciated and specifically made.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

*Ogden & Augustin*, for plaintiff.   A. & A. Pitot, for defendants and appellants.

COLE, J.   On the 24th February, 1858, *William Beste*, of New Orleans, filed in the Fifth District Court of New Orleans, his petition for a cession of his property to his creditors, and a meeting of the creditors was ordered, to take place on the 31st March following.

On the 26th February, 1858, *G. M. Lœning* was appointed provisional syndic.

On the 31st March, the meeting of creditors was held, and *Joseph Deynoodt* was appointed syndic.

On the 10th April, 1858, *Joseph Deynoodt*, not in the capacity of syndic but as a creditor, and also some other creditors filed their petition of opposition to the demand of *Beste* to be allowed the benefit of the law of this State in favor of insolvent debtors, and charged him with fraud.

*Beste* filed this among other exceptions, " because on the face of the petition no legal cause of action is set forth in said petition against him."

The District Judge being of opinion that the allegations were not of such a nature as to constitute fraud, sustained his exception and dismissed the opposition.

Opponents have appealed and rely upon sections 19, 20 and 21 of the Act of 1855, relative to the voluntary surrender of property and mode of proceeding. Sess. Acts 1855, p. 435.

The first ground alleged by opponents to prove the fraudulent action of *Beste* in his insolvent proceedings is, "that before making a cession of his property to his creditors, he was accused by his partner, *Grima*, of knowingly and fraudulently attempting to sell, at public auction, without notice thereof to his partner, eleven pianos, which he represented as coming from the manufacture of *Pleyel*. when he knew that they did not; and was only prevented therefrom by the suit for a settlement of partnership, instituted against him before the Second District Court, by his partner *Felix Grima, Jr.*, in which suit a writ of sequestration was obtained, and the pianos were sequestered by the Sheriff in the hands of *Beste & Læning*, a commercial firm of New Orleans, composed of *Edward Beste & G. M. Læning*, and in which the said *Wm. Beste*, the insolvent, is the chief clerk and manager of all the affairs of said firm.

So far there is no averment of fraud which is covered by the statute. This charge consists of an accusation by *Grima*, that *Wm. Beste* attempted to commit a fraud anterior to his cession, but was prevented by the vigilance of his partner, who caused the pianos to be sequestered.

Opponents further alledge, "that in the schedule filed in court by the said *Wm. Beste*, he has omitted to mention said pianos and to surrender them to his creditors, thereby concealing said property with the intention to keep it from them."

Section 19th of the Act of 1855, Sess. Acts, p. 435, declares that all persons shall be considered as guilty of fraud, who shall have concealed any of their property, with an intention to keep it from their creditors.

The insolvent cannot be said to have concealed the pianos, for at the demand of his partner they were sequestered and were placed in the custody of the Sheriff before his cession.

The omission to put these pianos on his schedule cannot be said to be covered by section 20 of said Act, which provides that every insolvent debtor shall also be considered as guilty of fraud, if he shall have knowingly omitted to declare any of his property, rights or claims in his schedule.

This charge does not even aver that the pianos belonged to the insolvent or the firm of which he was a member, but leaves this essential point to be deduced from the general allegations of the petition.

As these pianos were sequestered by *Grima*, the partner of the insolvent, this induces the impression that *Grima* must have considered himself to have had a claim, or privilege upon the same, or a title thereto.

Opponents do not alledge that *Beste knowingly* omitted, but only that he omitted ; the averment is not therefore consonant with the requirements of the statute, and is essentially defective. Even if the averment had been agreeably to the law, *Beste* could not be deemed to have omitted the inscription of the pianos on his schedule with any fraudulent intent, for it was his partner, one of the present opponents, who had caused them to be sequestered, and knew whether they were the property of *Beste* or not. The object of the law in punishing the intentional omission of the insolvent to put certain property on his schedule is to prevent its concealment from the creditors. But how could this omission conceal the pianos from the creditors, when one of them had sequestered them by legal process, and they were in the hands of the Sheriff or his appointed guardians.

The second charge is, "that the insolvent connived with the house of *Beste &*

*Læning* in order to conceal or cover the pianos so that his vendors or creditors cannot render the same liable for their claims, and *pretends* to have sold *some* of them to *Beste & Læning*, which he had no right to do after the sequestration above mentioned, and even then the said *Wm. Beste* fraudulently concealed from his creditors the proceeds of sale of said pianos."

The intended gravamen of this charge is by no means clearly indicated.

The 24th section of the Act of 1855, p. 436, provides very severe penalties against the insolvent debtor, who has been declared by the jury, to have been guilty of fraud; one of these penalties is imprisonment for a term not exceeding three years. The averments constituting the fraud ought therefore to be specific, and clearly enunciated, so that the accused may know what particular charges he is obliged to answer.

The second charge contains two contradictory averments, one is that the insolvent conniving with a certain firm *pretends* to have sold some of them to this house; the other averment is that he fraudulently concealed the proceeds.

If the insolvent did not sell but only *pretended* to do so, then there could be no proceeds to be concealed.

Besides, this charge does not specify whether *Beste* was in insolvent circumstances at the time he pretended to have sold some of these pianos.

The first charge avers that *Beste attempted* to sell them at public auction, but was prevented by the sequestration; the second charge declares that after the sequestration he *pretends* to have sold them.

The second charge does not affirm in what manner the insolvent connived with *Beste & Læning*, unless it be that he *pretends* to have sold some of them to that house. It does not aver that *he did sell* any of the pianos to them.

This charge is evidently too indefinite. The third ground of the proof of fraud is, "that the said *Wm. Beste* has collected monies from sundry debtors of the firm of *Beste & Grima*, without accounting for the same on his schedule.

The averment is also too indefinite. It does not aver whether these monies were collected a month or years before *Beste* became insolvent. It does not specify the names of any of the debtors, so as to enable the insolvent to contradict the charge.

For the above reasons the petitioners aver, that they have the right to proceed against *Wm. Beste* to have him convicted of fraud, and against the house of *Beste & Læning* to oblige them to pay into the hands of the syndic the value of said pianos, for the benefit of the creditors of *Beste & Grima*. They pray that *Wm. Beste* be forever deprived of the benefit of the law in favor of insolvent debtors in this State, and be sentenced to imprisonment according to law. They further pray that *G. M. Læning & E. Beste* be cited to answer this petition for the reason of having connived with *Wm. Beste* to conceal or cover the said pianos and be condemned *in solido* to pay to the syndic of the creditors of *Beste & Grima*, and for the benefit of said creditors $2750, the value of the eleven pianos.

Section 19th, Act of 1855, p. 435, directs that the creditors, charging fraud, shall lay before the court his written opposition, *stating specially* the several facts of fraud alleged against the insolvent debtor. Whereupon the Judge, after receiving the insolvent debtor's answer, shall order a jury to be summoned for the purpose of deciding on the accusation.

The District Court very properly decided that the accusation in this case is not sufficiently precise to authorise the calling of a jury to try the insolvent upon so serious a charge as that of fraud.

*Beste & Læning* also filed an exception to the suit on several grounds, which was sustained, and the demand against them was dismissed.

It is unnecessary to consider the grounds of the exception, for we have already shown that no sufficient cause of action against the insolvent for fraud has been shown, and that the allegations are not sufficiently specific to justify the District Court in calling a jury.

It is, therefore, ordered, adjudged and decreed, that the judgments of the District Court upon the exceptions filed in this suit be affirmed, with costs of appeal.